# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:13CV-410-S

KIM V. CALLOWAY                                                          PLAINTIFF

v.

OFFICER RODERICK BEASLEY *et al.*                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Kim V. Calloway filed the instant *pro se* action. Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 548 U.S. 199 (2007). For the reasons set forth herein, some of Plaintiff's claims will be dismissed and some will be permitted to proceed for further development.

## I.

Plaintiff sues the following officers of the Louisville Metro Police Department (LMPD) in their individual and official capacities: Officer Roderick Beasley, Officer Steve Kelsey, Officer Jorge Soto-Perez, and Officer Clayton Reeves. He also sues Jefferson County District Court Judge Katie King but does not identify in which capacity he sues her.

Plaintiff states that on April 21, 2012, the defendant-police officers illegally entered his home "without permission over Plaintiffs expressed verbal objections not to do so, and, searched Plaintiffs home for what they expressed (for guns), without probable cause or search warrant." He contends the search violated the Fourteenth Amendment's Due Process Clause and the Fourth Amendment. He states that he was arrested and jailed, "charged with domestic violence." He further states that on October 25, 2012, the domestic violence charge was dismissed by

Defendant Judge King. He reports that he pleaded guilty to contempt of court and "was probated 30 days in jail for one year." Plaintiff states:

> Plaintiff's right to equal protection and due process of law under the 6th and 14th Amendments of the United States Constitution to be charged and probated for contempt of court where Plaintiff was informed by his public defender lawer to bring his material witness to court (who was complaining witness in state court) to defend against a false charge in the first place. The court did not have jurisdiction to compel Plaintiff to plead guilty of contempt.

As relief, Plaintiff seeks $500,000 each in compensatory and punitive damages.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

*Official-capacity claims against LMPD officers*

Plaintiff's official-capacity claims against the Defendant LMPD officers are actually against their employer, the Louisville Metro Government. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). However, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff has not alleged that the Defendant police officers acted pursuant to any municipal policy or custom with respect to the search of his home. Plaintiff's complaint appears to allege an isolated event affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's official-capacity claims against Defendants Officers Beasley, Kelsey, Soto-Perez, and Reeves will be dismissed for failure to state a claim upon which relief may be granted.

3

*Individual-capacity claims against LMPD officers*

The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, prohibits searches and seizures absent probable cause or a warrant based on probable cause. *See* U.S. CONST. amend. IV. Based upon the allegations in the complaint, the Court will allow Plaintiff's claim alleging an illegal search of his home to proceed against Defendants Officers Beasley, Kelsey, Soto-Perez, and Reeves in their individual capacities. In allowing these claims to proceed, the Court passes no judgment on their ultimate outcome.

*Claim challenging conviction for contempt of court*

Plaintiff also alleges that his rights to equal protection and due process were violated when he was "charged and probated for contempt of court . . . ." He states that he pleaded guilty and that he is currently on probation. The Court construes his allegations as a claim against Defendant King for his conviction for contempt of court in Jefferson District Court. However, this claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), wherein the Supreme Court recognized that a plaintiff may not file a § 1983 suit challenging his conviction or sentence if a ruling on his claim would necessarily render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. 512 U.S. at 487. Plaintiff has not alleged that his contempt-of-court conviction has been overturned or otherwise invalidated.

Furthermore, judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad

4

faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Accordingly, Plaintiff's claim against Defendant King challenging his conviction for contempt of court will be dismissed for failure to state a claim upon which relief may be granted.

### III.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against Defendants Officers Beasley, Kelsey, Soto-Perez, and Reeves are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant King in connection with his conviction for contempt of court is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Since no claims remain against Defendant King, the Clerk of Court is **DIRECTED to terminate** her as a party to this action.

The Court will enter a separate Order directing service on Defendants against whom claims have been permitted to proceed.

Date: October 8, 2013

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
　　 Defendants
　　 Jefferson County Attorney
4411.010

5