# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

KIM V. CALLOWAY                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 3:13CV-410-S

RODERICK BEASLEY *et al.*                                      DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court on the *pro se* motion to amend the complaint by Plaintiff Kim V. Calloway (DN 13).  Upon initial review of the action pursuant to 28 U.S.C. 1915A, the Court allowed Plaintiff's claims alleging an illegal search in violation of the Fourth and Fourteenth Amendments to continue against Louisville Metro Police Department (LMPD) Officers Roderick Beasley, Steve Kelsey, Jorge Soto-Perez, and Clayton Reeves in their individual capacities.  The Court dismissed Plaintiff's official-capacity claims against the officers finding that Plaintiff had failed to allege that the officers acted pursuant to a municipal policy or custom in causing the alleged harm.

Plaintiff now moves to amend the complaint to add allegations that the Defendant officers acted pursuant to a municipal policy.  He states that he has "learned by accident that there is such an municipal policy or custom being implemented and or utilized by all members of the [LMPD] that has led to petitioners illegal arrest, illegal search of his home, illegal incarceration, order by the court to prevent petitioners from entering his own home for (10 days) . . . ."  Plaintiff attaches a policy with the heading Division of Child Abuse and Domestic Violence Services, Department of Human Services, Cabinet for Health and Family Services, Model Domestic Violence Law Enforcement Policy.  He states that he was told by an LMPD officer that the LMPD utilizes this policy.  He states that under this policy, in an alleged

domestic violence incident,"If the police come out, in most situations a arrest needs or have to be made. Two parties and no witness and if anyone can establish that both parties live there you cannot just put them out." On this basis, Plaintiff seeks to add Louisville Metro Government as a Defendant and to add claims against the Defendant officers in their official capacities.

**I.**

Because any claims filed by a prisoner proceeding *in forma pauperis* must be reviewed under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 716 F.3d 944, 951 (6th Cir. 2013), the Court must determine whether Plaintiff's proposed claims would survive initial review in order to decide his motion to amend the complaint. Under § 1915A and *McGore*, 114 F.3d at 604, the trial court must review the complaint and dismiss any claim that it determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

**II.**

*Claims against Louisville Metro Government and official-capacity claims*

Plaintiff's official-capacity claims against the Defendant LMPD officers are actually against their employer, the Louisville Metro Government. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury

2

was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the motion to amend, Plaintiff alleges that LMPD officers acted pursuant to municipal policy when they conducted the search of his home. Defendants filed a response to the motion to amend in which they argue that the policy is not used by LMPD. However, Defendants attach no evidentiary support for this contention. Construing Plaintiff's *pro se* allegations broadly, as the Court is required to do, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), the Court will grant the motion to amend to allow Plaintiff to add Louisville Metro Government as a Defendant.

Since Plaintiff has sued Louisville Metro Government directly, his separate official-capacity claims against each of the officers are redundant. *See Von Herbert v. City of St. Clair Shores*, 61 F. App'x 133, 140 (6th Cir. 2003) ("Herbert's official-capacity federal claims against [the individual defendants] were redundant, because they were subsumed by her § 1983 charge against the city."). Therefore, the Court will deny the motion to the extent that it seeks to add official-capacity claims against the Defendant officers.

*Illegal arrest and incarceration claims*

Plaintiff also makes reference to an "illegal arrest" and "illegal incarceration" by LMPD officers. To the extent that Plaintiff seeks to bring a false arrest claim, Plaintiff stated in the complaint that he pleaded guilty to the charges. As stated in the Court's previous Memorandum Opinion and Order (DN 5), his claim for false arrest is therefore barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), wherein the Supreme Court recognized that a plaintiff may not file a § 1983 suit challenging his conviction or sentence unless the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*, 512 U.S. at 486-87. Claims for false arrest and "illegal incarceration[,]" if successful, would call into question his state-court conviction, and Plaintiff does not allege the conviction has been reversed or otherwise invalidated.

Therefore, to the extent Plaintiff attempts to amend his complaint to add claims for false arrest or illegal incarceration, the motion to amend will be denied.

*Claims concerning separate incident*

Plaintiff also describes a separate incident in October 2013 in which a "complaining witness" kicked in his front and back doors. He states that he learned of the alleged municipal policy from an LMPD officer in the context of the second incident. The Court construes the allegations concerning the separate incident as Plaintiff describing how he learned of the LMPD policy and not as attempting to add a claim concerning the incident. If Plaintiff wishes to add a claim concerning the separate incident, he must file a motion to supplement the complaint and identify the Defendants whom he alleges are responsible for any alleged harm.

**III.**

For the foregoing reasons, **IT IS ORDERED** that the motion to amend the complaint (DN 13) is **GRANTED in part and DENIED in part**. The Court will allow Plaintiff's claim against Louisville Metro Government alleging an illegal search in violation of the Fourth and Fourteenth Amendments to proceed for further development. In allowing these claims to go forward, the Court passes no judgment on the ultimate merit of the claims. To the extent Plaintiff seeks to add any other claims, the motion is denied.

**IT IS ORDERED that counsel for Defendants, the Jefferson County Attorney, shall have 30 days from the entry date of this Memorandum and Order to submit a notice of waiver of service on behalf of Defendant Louisville Metro Government.**

If counsel elects not to waive service for Defendant Louisville Metro Government, **the Clerk of Court is DIRECTED to issue summons and have the U.S. Marshals Service serve a copy of the amended complaint (DN 13) and summons on Defendant Louisville Metro Government in accordance with Rule 4 of the Federal Rules of Civil Procedure**.

Defendant Louisville Metro Government shall file an answer to the amended complaint in accordance with the Federal Rules of Civil Procedure.

Date: February 27, 2014

                        Charles R. Simpson III, Senior Judge
                        United States District Court

cc:    Plaintiff, *pro se*
       Counsel of record
4411.010