UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KIM V. CALLOWAY                                                          PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:13CR-410-S

RODERICK BEASLEY *et al.*                                     DEFENDANTS

**MEMORANDUM AND ORDER**

Plaintiff Kim V. Calloway filed this *pro se* action proceeding *in forma pauperis*. This matter is before the Court on Plaintiff's motion to clarify and amend (DN 17).

**I.**

Upon initial review of the action pursuant to 28 U.S.C. 1915(e)[1] and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 548 U.S. 199 (2007), the Court allowed Plaintiff's claim alleging an illegal search to continue against Louisville Metro Police Department (LMPD) Officers Roderick Beasley, Steve Kelsey, Jorge Soto-Perez, and Clayton Reeves in their individual capacities. The Court dismissed Plaintiff's official-capacity claims against the officers finding that Plaintiff had failed to allege that the officers acted pursuant to a municipal policy or custom in causing the alleged harm.

However, Plaintiff then moved to amend the complaint to add allegations that Defendants acted pursuant to a municipal policy. The Court granted the motion and allowed Plaintiff to add the Louisville Metro Government as a Defendant. In his previous motion, Plaintiff also made reference to an "illegal arrest" and "illegal incarceration." Finding that Plaintiff had stated in the

---

[1] At the time he filed his complaint, Plaintiff stated that he was on probation. He was not incarcerated. However, because he is proceeding *in forma pauperis*, his claims are subject to initial screening under 28 U.S.C. § 1915(e). The standard for initial screening under § 1915(e) and § 1915A is the same.

original complaint that he had pleaded guilty to the charges, the Court did not allow Plaintiff to add a false arrest claim. In addition, Plaintiff described a separate incident when a "complaining witness" kicked in his front and back doors. The Court could not discern Plaintiff's intent in describing the separate incident since he did not identify any specific Defendants whom he alleged were responsible for any alleged harm.

## II.

*False arrest claim*

Plaintiff has now filed the instant motion to clarify and amend (DN 17) wherein he again attempts to clarify his claims. First, he states that the Court "erroneously found the Plaintiff had pleaded guilty to the original charge of Assault 4 which Plaintiff was arrested and incarcerated for." He states that the Assault 4 charge was dismissed and that he "was compelled to plead guilty on contempt of court where Plaintiff by the consent of counsel brought the alleged victim to court as Plaintiffs material witness to testify that no assault had occurred and, to testify that she did not live at Plaintiffs residents. Apparently, contempt was charged to Plaintiff for violation of a no contact order."

Because Plaintiff is proceeding *in forma pauperis*, any claims he seeks to add must be reviewed under 28 U.S.C. § 1915(e), which requires that the Court must determine whether Plaintiff's proposed claims would survive initial review. Under § 1915(e), the trial court must review the claims and dismiss any claim that it determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(1)(2)(B).

The Court construes Plaintiff's allegations as alleging a false arrest claim in connection with his arrest for Assault 4 against Defendants Officers Beasley, Kelsey, Soto-Perez, and

Reeves. Plaintiff having clarified that he was arrested on a charge of Assault 4 and that he did not plead guilty to Assault, the Court will allow his false arrest claim to proceed against these Defendants in their individual capacities. As Plaintiff alleged in his previous motion to amend that the officers were acting pursuant to LMPD policy, the Court will also allow the false arrest claim to proceed against Defendant Louisville Metro Government.

*Claim concerning separate incident*

Plaintiff again attempts in the instant motion to describe a separate incident which occurred after he filed his complaint. Plaintiff states that on October 25, 2013, the alleged victim in the above incident that led to his assault charge called and informed him that she was coming over to his house. Plaintiff responded that he was sick and "did not want her company at that time." According to Plaintiff, "[h]er response to this was … []I am coming over anyway and, if I find out there is any other woman in your company, I am going to kick your door in and, harm you and the woman." (Ellipses used by Plaintiff.) Plaintiff reports that he felt the need to protect himself and called his neighbor, ex-wife, and son and told his neighbor to call the police if he saw the woman outside Plaintiff's house. He represents that he believed "if I called the police the police would do nothing to protect me and, I would probably be locked up."

Plaintiff states that the woman came over and he refused to let her in the door. He called the police "after she started kicking on my back door." He states that "it seemed like an eternity had passed while she ran to the front and back door's kicking and hitting on the doors with a make shift hatched that was on the back porch." He states that the police requested entry to his home but that he refused to let them in "because of fear of them, and because they were not at all concerned about the woman destroying my house. She had kicked in the front door completely by now." Plaintiff states that his son "was explaining the situation to police without opening the

door because Plaintiff had blocked the front door with 2 by 4 wood." Plaintiff reports that the police questioned the woman and "let her go on her promise she would go home." However, when the police left, the woman returned and "continued her assaulted on my house." He again called police and this time the woman was arrested but they did not give Plaintiff a report and "did not obtain the weapon nor did they seem at all concerned that I had called the police for my protection."

Plaintiff further states that he let the police in his home and he was told that "[i]f Plaintiff had not them in (police) they would have kicked my door and arrested Plaintiff." He maintains that he had done nothing wrong. He states, "This is when a young police officer informed me that under police policy even though I had done nothing…my front door would have been kicked in by police because I would not let them in arrested and taken to jail." (Ellipses used by Plaintiff.)

Plaintiff contends that he has been denied equal protection and due process under the Fourteenth Amendment. He states that the woman who damaged his home "was not even arrested the first time police came to my home after being called. If she had been arrested at first, I would not been put in fear of my life for a second time nor, would have my home suffered more severe damage." He states that, even though the police report said that a hammer was used to deface his house, the police did not confiscate the hammer for evidence.

Plaintiff further reports that he missed the last court date in the criminal matter against the woman due to a flat tire and that he received paperwork that the case was dismissed "when I have always expressed to the courts prosecuting agent that I wanted to press charges and specifically be paid for damages to my home." He states that the woman "was set free in face of

4

a revocation proceeding." He represents that he is trying to have the charges reinstated in order to receive compensation for the damage to his home.

Plaintiff states that he "feels there are some dubious dealings going on with [LMPD] members to deprive Plaintiff of his Constitutional Rights" and that he is in fear for his life. He states that Officer M. Mclaurine is the only police officer named in the report but there were at least three other officers that came to his home.

The Court construes the allegations as seeking to supplement the complaint with equal protection and due process claims against Officer Mclaurine and three unnamed officers for their failure to arrest the woman who damaged Plaintiff's home. It is clear from the allegations that Plaintiff himself was not arrested in connection with the October 25, 2013, incident. The Court must review the allegations under § 1915(e) to determine whether they survive initial screening.

As a private citizen, Plaintiff does not have a constitutional right to initiate or compel the initiation of criminal proceedings against another individual. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *McCrary v. Cnty. of Nassau*, 493 F. Supp. 2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."); *Osuch v. Gregory*, 303 F. Supp. 2d 189, 194 (D. Conn. 2004) ("An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted."); *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002). Therefore, Plaintiff cannot state a constitutional violation under 42 U.S.C. § 1983 for any party's failure to arrest or delay in the arrest of the woman who damaged his home. Nor can he state a claim related to the dismissal of the charges against her.

Moreover, an equal protection claim fails. The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "In order to state an equal protection claim, a plaintiff must allege that a state actor intentionally discriminated against him because of his membership in a protected class or that the state infringed upon a fundamental right." *Coleman v. Martin*, 363 F. Supp. 2d 894, 902 (E.D. Mich. 2005) (citing *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)). Plaintiff does not allege that any of the alleged conduct was motivated by his race or any other characteristic that would implicate an equal protection violation. Nor can he establish that the state infringed on a fundamental right because, as stated, an individual does not possess a constitutional right in the arrest or prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. at 619.

### III.

Based on the foregoing, **IT IS ORDERED** that the motion to clarify and amend (DN 17) is **GRANTED in part and DENIED in part**. The Court will allow Plaintiff's false arrest claim to proceed against Defendants Officers Beasley, Kelsey, Soto-Perez, and Reeves in their individual capacities and against Defendant Louisville Metro Government. The motion is denied with respect to all other claims.

To clarify the claims now before the Court, the Court has allowed Plaintiff's claims of illegal search and false arrest to proceed against Defendants Beasley, Kelsey, Soto-Perez, and Reeves in their individual capacities and against Defendant Louisville Metro Government.

**Defendants shall file an answer to the false arrest claim in accordance with the Federal Rules of Civil Procedure**.

Date: May 23, 2014

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4411.010