## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**KIM V. CALLOWAY,**

      **Plaintiff,**

v.                                    CASE NO. 3:13-CV-410-CRS-CHL

**RODERICK BEASLEY, et al.,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S
### MOTION FOR EXTENSION OF TIME, OR, IN THE ALTERNATIVE,
### APPOINTMENT OF COUNSEL

This matter is before the Court on the motion ("Motion") (DN 33) of Plaintiff Kim V. Calloway ("Plaintiff") for an extension of time to comply with an Order of the Court, or, in the alternative, for appointment of counsel. Defendants, Officers Roderick Beasley, Steven Kelsey, Jorge Soto-Perez, and Clayton Reeves (collectively "Defendants"), filed a response ("Response"). (DN 35.) Plaintiff did not file a reply. This matter is now ripe for review. For the following reasons, the Motion (DN 33) is DENIED.

### BACKGROUND

On February 9, 2015, the Court entered an Order setting a date[1] for and requirements related to a Rule 16 scheduling conference ("Rule 16 Order"). (DN 29.) The Rule 16 Order required the parties to take the following actions: (1) meet and confer as contemplated by Rule 26(f) of the Federal Rules of Civil Procedure at least twenty-one days before the scheduling conference; (2) file a written report of the Rule 26(f) planning meeting at least fourteen days before the scheduling conference; (3) exchange initial disclosures pursuant to Rule 26(a)(1) at or

---

[1] The Rule 16 Order set the scheduling conference for March 4, 2015. In an order entered on February 12, 2015 (DN 30), the undersigned rescheduled the conference for April 7, 2015.

within fourteen days after the planning meeting; and (4) file a conference statement no later than seven days prior to the conference. (*Id.* at 2-4.)

Pursuant to the Rule 16 Order (DN 29), on March 27, 2015, Defendants filed both Rule 26(a)(1) initial disclosures and a conference statement. (DN 31; DN 32.) On April 6, 2015, Defendants filed a Rule 26(f) planning meeting report. (DN 34.) Defendants represented that they mailed to Plaintiff a copy of their proposed plan on March 18, 2015, but did not receive any response. (DN 34 at 1 n.1.)

On March 31, 2015, Plaintiff filed a motion styled, "Motion for extension of time." (DN 33.) In the Motion, Plaintiff requests "an extension of time to comply with this Honorable Court[']s order entered on February 9, 2015," that is, the Rule 16 Order. (*See* DN 33 at 1.) As grounds for his request for an extension, Plaintiff states that he "has been under stress and duress after being diagnosed with cancer;" that he would be undergoing surgery on April 16, 2015; and that he "has not been mentally sounds enough" to comply with the Rule 16 Order. (DN 33 at 1.) Plaintiff requests an extension of 45 days to meet the requirements of the Rule 16 Order (DN 29), or, in the alternative, he "specifically request[s] appointment of counsel to assist Plaintiff for compliance only." (DN 33 at 1.)

On April 7, 2015, Defendants filed their Response. (DN 35.) Defendants' position is that as there is no constitutional right to counsel in a civil lawsuit, the Court has discretion, but not an obligation, to appoint counsel to a *pro se* plaintiff in a civil action. (DN 35 at 1.) Defendants contend that in order to receive appointed counsel in this case, Plaintiff must establish that "exceptional circumstances" exist. (*Id.* (citing *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993)).) Defendants go on to argue that no exceptional circumstances exist

2

that would justify appointment of counsel in this case because Plaintiff's allegations relate to a single event, and Plaintiff maintains only two causes of action, false arrest and illegal search. (DN 35 at 2.) Moreover, Defendants maintain, "Plaintiff has generated a number of documents in this case demonstrating that he is articulate, familiar with the workings of the legal system, and that he is able to represent himself sufficiently." (*Id.*) Plaintiff did not file a reply

On April 7, 2015, the Court conducted the Rule 16 scheduling conference ("Rule 16 Conference"). The proceedings were recorded by a court reporter and memorialized in a Memorandum of Rule 16 Scheduling Conference Order ("Scheduling Order"). (DN 36.) The Court largely adopted the litigation plan proposed by Defendants, while being mindful of Plaintiff's medical condition and treatment. (DN 36 at 1-2; DN 34.) The Court, Plaintiff, and counsel for Defendants discussed the Motion (DN 33) and the Court indicated that it would decide the Motion by a subsequent opinion and order. (DN 36 at 2.) This is that opinion and order.

## DISCUSSION

The Court interprets the Plaintiff's Motion as requesting appointment of counsel only to assist him in complying with the Rule 16 Order (DN 29), as opposed to representation for the duration of the lawsuit. (*See* DN 33 at 1 ("Plaintiff respectfully request[s] a 45 day extension of time under which to comply with this Honorable Court[']s order, or Plaintiff specifically request[s] appointment of counsel *to assist Plaintiff for compliance only*") (emphasis added).) Plaintiff's request for an extension of time to comply with the Rule 16 Order (DN 29) is effectively moot based on recent events in this case. First, the portion of the Rule 16 Order (DN 29) requiring the parties to confer and prepare a report pursuant to Rule 26(f) is no longer

3

relevant, given that the Rule 16 Conference has already been conducted. Second, the Court already set an extended deadline of May 15, 2015 for Plaintiff to complete his initial disclosures. (DN 36 at 1.) In setting this deadline, the Court was mindful of Plaintiff's health.[2] Finally, there is no longer any need for Plaintiff to file a conference statement, as was required by the Rule 16 Order. (DN 29.) Again, the Rule 16 Conference has been conducted, and the Court largely adopted the litigation plan proposed by Defendants. Based on the foregoing, it is clear that Plaintiff no longer has a need for an extension of time to comply with the Rule 16 Order. (DN 29.) It follows, then, that he does not require the assistance of counsel in order to comply with the Rule 16 Order.

Even if Plaintiff intended his request for appointment of counsel to apply to the duration of the litigation, the Court finds that his request should be denied. *Pro se* litigants in civil matters do not have a constitutional right to appointment of counsel. *See, e.g.*, *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (citing *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)). "Title 28, United States Code, section 1915(e)(1) indicates that court[-]enlisted assistance of counsel is not mandatory, but merely a matter of discretion." *Sublett v. White*, 2012 U.S. Dist. LEXIS 119613, *1 (W.D. Ky. 2012); *see* 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel") (emphasis added). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (citations omitted). In determining whether "exceptional circumstances" exist, courts examine "the type of case and the abilities of

---

[2] Plaintiff requested an extension of 45 days. (DN 33 at 1.) The Rule 16 Order's new deadline of May 15, 2015 is 45 days after the original deadline of March 31, 2015. (*See* DN 29 at 2-3 (setting deadlines for Rule 26(f) meeting and initial disclosures); DN 36 (setting new deadline for Plaintiff's initial disclosures).)

the plaintiff to represent himself," which generally involves "a determination of the complexity of the factual and legal issues involved." *Id.* (citations omitted).

In this case, Plaintiff's claims are based on only two causes of action, false arrest and illegal search. (*See* DN 28 (denying Defendants' motion to dismiss and discussing Plaintiff's remaining claims).) The fact that there are numerous Defendants is of no moment, as all of Plaintiff's allegations relate to a single incident. The factual and legal issues involved in this case are relatively simple and do not amount to "exceptional circumstances" that would weigh in favor of appointing counsel. Significantly, Plaintiff has shown himself to have impressive "ability[y] to represent himself." *Lavado*, 992 F.2d at 606. Based on the progression of this case to date, it appears that Plaintiff "is articulate and able to represent himself sufficiently at this time." *Baker v. Boyd*, 2012 U.S. Dist. LEXIS 132177, *4 (W.D. Ky. 2012). For example, the Court granted Plaintiff's motion to amend his complaint and denied Defendants' motion to dismiss Plaintiff's false arrest claim. (*See* DN 20, DN 28.) Finally, Plaintiff has not demonstrated that he has attempted, and failed, to find counsel who would represent him on a contingent-fee or pro bono basis. The Court concludes that Plaintiff is sufficiently well-equipped to continue representing himself in this matter and that no other exceptional circumstances exist that would support appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for an extension of time to comply with the Rule 16 Order, or, in the alternative, for appointment of counsel (DN 33), is DENIED. The parties shall be mindful of the deadlines set by the Court (*see* DN 36) and their obligations pursuant to the Federal Rules of Civil Procedure and the Local Rules.

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.

cc:     Counsel of record
        Plaintiff, *pro se*